# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD,**
**Employer Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0753** (BOR Appeal No. 2051911)
                         (Claim No. 2013007531)

**DELORES M. AMBRO, WIDOW OF CARL AMBRO,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Constellium Rolled Products Ravenswood, by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

The issue on appeal is dependent's benefits. By Order entered December 20, 2013, the Office of Judges held that Constellium Rolled Products is the sole chargeable employer. The claims administrator granted Mrs. Ambro's application for dependent's benefits on March 6, 2014. The Office of Judges affirmed the decision in its March 16, 2017, Order. The Orders were affirmed by the Board of Review on July 27, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ambro, a plant worker, was diagnosed with lung cancer in 2002. A May 8, 2002, treatment note by Ohio State Medical Center indicates Mr. Ambro had a mass in his left lung. The mass was determined to be a mucinous adenocarcinoma and had spread to some local lymphnodes. He underwent a left upper lobe lobectomy for Stage II adenocarcinoma in December of 2002. In an April 17, 2003, letter, Patrick Ross, M.D., stated that Mr. Ambro continued to have significant difficulty breathing. T. Samaha, M.D., noted on August 1, 2005, that Mr. Ambro presented with an abnormal chest x-ray followed by an abnormal PET scan. He had a relapse of his disease.

1

In an April 10, 2007, treatment note, Bahalial Gondalia, M.D., noted that Mr. Ambro was referred for shortness of breath for five years. Pulmonary testing showed mild obstructive lung defect and moderate restrictive lung defect due to a left upper lobectomy. He likely had bronchial asthma. On May 16, 2007, Nik Shah, M.D., noted that Mr. Ambro showed no signs of recurrence of his lung carcinoma. However, in September of 2007, blood work showed that his lung carcinoma had returned. In May of 2010, Dr. Shah noted that a chest x-ray was normal with no evidence of recurrence.

Mr. Ambro underwent surgery to remove a bladder tumor on September 15, 2010. In a treatment note five days later, Dr. Shah stated that he presented with multiple high grade bladder carcinoma. He was not a candidate for surgery and Mr. Ambro's family was unsure if treatment was wanted. Stanley Pamfilis, M.D., stated in a treatment note in November of 2010 that Mr. Ambro had recurrent cancer. In December of 2010, Sivamurth Kyathari, M.D., noted that there was no evidence of recurrence of the cancer in the lung. In a letter dated May 24, 2011, B. Asher Louden, M.D., noted that Mr. Ambro had a probable basal cell on his back and a possible squamous cell on his chest. Given his other advanced cancers and the fact that he was receiving hospice care, no treatment was recommended.

Mr. Ambro passed away on June 21, 2011. Mrs. Ambro filed an application for dependent's benefits on April 26, 2012. Attached were documents showing that a claim had been held compensable for lung cancer and Mr. Ambro received a 65% permanent partial disability award for it on January 16, 2003. Also attached was the death certificate which listed the cause of death as carcinoma of the lung.

On December 20, 2013, the Office of Judges held that Constellium Rolled Products was the sole chargeable employer. It was determined that when Mr. Ambro began working at the plant it was called Kaiser. Kaiser sold the plant to Ravenswood in 1989. In that purchase agreement, Kaiser agreed to retain responsibility for all claims incurred by eighty-three identified employees labeled Schedule I. Ravenswood assumed all remaining responsibility for workers' compensation claims. Ravenswood was renamed Century Aluminum in 1997 and then sold to Pechiney S.A. France in 1999. The name of the plant was then changed to Constellium Rolled Products. Pechiney assumed all workers' compensation liability at the time of purchase. There was no evidence submitted showing Mr. Amrbro was on the list of workers still covered by Kaiser; therefore, the Office of Judges determined that Kaiser was not a chargeable employer. Constellium Rolled Products was determined to be the sole chargeable employer.

The Occupational Pneumoconiosis Board found on January 14, 2014, that Mr. Ambro suffered from an occupation disease of the lungs that was a material contributing factor in his death. It noted that he did not have evidence consistent with occupational pneumoconiosis but did have a history of lung cancer. The claims administrator granted Mrs. Ambro dependent's benefits on March 6, 2014.

Gregory Fino, M.D., performed a record review on July 22, 2015, in which he opined that Mr. Ambro had neither occupational pneumoconiosis nor asbestosis. He agreed that he had lung

cancer. Dr. Fino concluded that Mr. Ambro died due to lung cancer that had nothing to do with the inhalation of asbestos. Michael Warhol, M.D., performed a record review on March 7, 2017, in which he found no evidence of asbestosis. He opined that Mr. Ambro's lung cancer was not asbestos related. He noted that Mr. Ambro smoked for nineteen years and worked as a coal miner for fifteen. Dr. Warhol found the smoking history to be insufficient to cause lung cancer and stated that the type of lung cancer is most often seen in non-smokers. He concluded the lung cancer was idiopathic but that asbestos did not contribute to it.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on February 15, 2017. It found that at the time of death, Mr. Ambro's lung cancer had reoccurred. Lung cancer was determined to be a material contributing factor in his death.

The Office of Judges affirmed the claims administrator's decision granting dependent's benefits on March 16, 2017. It found that lung cancer was held a compensable condition in the claim and Mr. Ambro was granted a 65% permanent partial disability award for the condition. After review of all of the evidence of record, the Occupational Pneumoconiosis Board determined that lung cancer was present and had reoccurred at the time of Mr. Ambro's death. It was determined to be a material contributing factor in his death. The Office of Judges determined that Mrs. Amrbo was granted dependent's benefits based on the Occupational Pneumoconiosis Board's findings. Its findings were found by the Office of Judges to be supported by the evidence of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Orders on July 27, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. First, when it bought the plant at which Mr. Ambro worked, Pechiney changed the name to Constellium Rolled Products and assumed liability for all workers' compensation claims apart from eighty-three named individuals of which Mr. Ambro was not one. It is therefore the chargeable employer in this case. Second, the claim was held compensable for lung cancer. It was determined by the Occupational Pneumoconiosis Board, Dr. Warhol, and Dr. Fino that Mr. Ambro died as a result of lung cancer. Therefore, dependent's benefits were properly granted.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4